# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Burgeson
v.
City of New Haven, et al

No: 302:860 - (AVC)(TPS)

## MOTION TO COMPEL

Pursuant to Rule 37(a)(2)(A) Fed.R.Civ.P., the plaintiff in the above-captioned complaint moves the court to compel the defendants to comply with his discovery requests for the following reasons:

1.) On 4-14-03 the plaintiff received a scheduling order from the court, Thom. P. Smith, setting a 7-month period for the completion of Discovery, to begin on the date of counsel's appearance for the defendants, March 30, 2003. (See Item #1)

2.) On 5-6-03 the plaintiff mailed to the defendants Requests for Admissions, First Set of Interrogatories, and Requests for Production of Documents and things.

3.) On 6-11-03 the plaintiff received from the defendants objections to his Interrogatories and Requests For Production, citing, inter alia, inadmissability, privacy, and irrelevancy.

4.) On 6-18-03 the plaintiff mailed an amended set of Interrogatories and Requests for Production to the defendants.

5.) On 7-17-03 the plaintiff received a copy of a Motion For Extension Of Time To Answer And Respond to his amended Interrogatories and Requests for Production by the defendants.

6.) On 7-24-03 the plaintiff received a copy of a Motion For Extension Of Time To Respond To Interrogatories and Requests For Production by the defendants.

7.) On 8-18-03 the plaintiff received from defendants City of New Haven, Michael White, and former defendants Craig Alston and Wilfredo Cruz, Responses to his original, unobjected-to Interrogatories and Requests For Production, as well as Responses To his Amended Interrogatories and Requests For Production.

8.) On 9-5-03 the plaintiff mailed a letter of inquiry about unanswered Interrogatories and Requests For Production from Lt. J.D. Smith and Officer Warren Palmer. The plaintiff included re-submitted Interrogatories and Requests For Production, explaining in his letter his reasons for doing so. (See Item #2)

(2)

9.) On 9-26-03 the plaintiff mailed a letter of inquiry to the defendants asking about the still unanswered discovery requests of Lt. J.D. Smith and Officer Warren Palmer, as well as his re-submitted Interrogatories and Requests For Production. (See Item #3)

10.) As of this date, 10-23-03, the plaintiff has received no discovery from Lt. J.D Smith or Officer Warren Palmer whatsoever, nor answers to his re-submitted discovery requests from any of the defendants.

11.) The plaintiff has received no response from the defendants' counsel, Michael Wolak, to his inquiries about unanswered discovery requests, despite his good-faith attempts to resolve this.

THEREFORE: The plaintiff's unanswered discovery requests remaining uncomplied with, the plaintiff moves the court to compel defendants Lt. J.D. Smith and Officer Warren Palmer to answer and respond to his Interrogatories and Requests For Production.

    The plaintiff further moves the court to compel the defendants to answer and comply with his re-submitted Interrogatories and Requests for Production because they are specific enough, reasonably compliable, relevant, and will, he believes, lead to admissable and further or other evi-

(3)

dence. The plaintiff asserts relevance because he intends to present to a jury, through the information he will acquire from his re-submitted Interrogatories and Requests For Production, that the New Haven Police have had a history of complaints against them for assault or excessive force, and a reputatation for a lack of willingness to investigate them fairly and competently, so much so that the City of New Haven was forced to set up a civilian oversight committee in the fall of 2000 to review the findings of the police dept's self-investigatory organ, the Office of Internal Values and Ethics, such was the public's loss of confidence in that organ and the police department as a whole to investigate itself fairly and legally. The plaintiff will use this fact, and any supporting facts his re-submitted discovery requests will bring to light, to show a general pattern of violence by the New Haven Police, and, if it should show, by the defendant officers, against arrestees; to bring into question their credibility; and to bolster his claim of assault by them. The plaintiff asks the court, in view of these reasons and facts, to look unfavorably on the defendants' claims of inadmissability based on "unfounded" complaints in which they themselves made the findings, ruling this objection therefore untenable, and as well to view any questions of admissibility from the larger perspective of his complaint and his stated intent for the use of such information as his re-submitted discovery requests will bring — to show the historical tendency of the New Haven Police to violence, as well as any such tendencies in any of the individual defend-

(4)

ants, and to impeach their credibility. To allow the police themselves to determine what is relevant or admissable in this case will unfairly injure and undermine the plaintiff's attempt to receive justice for the vicious beating he took from the very police.

Finally, the plaintiff does not seek information that is irrelevantly private from the defendants, or to compromise the privacy of other complainants, but only information relevant to and tending to prove his claims against the police. Police officers are public servants, carrying out the duties of their office in and with the public. What police officers do as public servants should be public information, including complaints against them, and the plaintiff should be allowed, with the court's discretion, to decide what such information is relevant and useful to his claims against the police.

Signed,
Joseph Burgeson
1153 East St South
Suffield, CT 06080

Date: 10-23-03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Joseph Burgeson
V.

New Haven Police Dept, et al

PRISONER
DOCKET NO.3:02cv860(AVC)(TPS)

FILED
2003 APR -8 P 2: 49
US DISTRICT COURT
HARTFORD CT

FIRST SCHEDULING ORDER

The plaintiff has filed this Section 1983 complaint against the defendant(s). The first appearance in this action was filed on 3/31/03.

Preparation for trial should proceed at this time on claims in the complaint which have not been dismissed or withdrawn. **All discovery and further proceedings in this case are limited to this claim/these claims.**

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendant shall file any motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motions to dismiss as frivolous under Title 28 U.S.C. Section 1915(e), or answer or other reply within 60 days of the date on which the appearance was filed. **Failure to respond to the complaint in a timely manner will result in the entry of default for failure to plead.**

2. If either party determines that an early settlement conference would be beneficial in this case, he shall file a motion seeking a settlement conference within 90 days of the date on which the appearance was filed.

3. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within six months (180 days) of the date on which the appearance was filed. Discovery requests need not be filed with the court.

4. All motions for summary judgment shall be filed within seven months (210 days) of the date on which the appearance was filed.

5. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection. If the motion is granted, the complaint will be dismissed as to all defendants, appearing and non-appearing and the case will be closed. The case will **not** proceed to trial.

SO ORDERED this 8Th day of April, 2003, at Hartford.

U.S. Magistrate Judge

9-3-03

Dear Attorney Wolak:

I write to inquire about the responses from Lt. J.D. Smith and Officer Warren Palmer to my Interrogatories of May 2, 2003 and June 16th, 2003, and to my Requests For Production Of Documents of May 2, 2003, please.

Enclosed as well are re-submissions of Interrogatories and Requests For Production that are relevant, specific, and reasonably compliable.

Signed,
Joseph Burgeson

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

Burgeson                           3:02cv860 (AVC) (TPS)
  v.
City of New Haven              Date: 9-5-03

### PLAINTIFF'S RESUBMISSION OF OBJECTED TO INTERROGATORIES

Pursuant to Rule 33 Fed.R.Civ.P., the plaintiff re-submits the following interrogatories, but noting the defendants' original objections, states that he does not seek particular information that would compromise the identity or privacy of a complainant, nor irrelevant information on the defendant police officers' careers. The plaintiff asserts, however, that civilian complaints made against those officers and the Police Dept., especially for excessive force or assault, are relevant to his claim, and could as well lead to other and admissable evidence. The plaintiff further asserts that these interrogatories are specific enough to be answered.

1.) Have you ever had a complaint made against you for using excessive force during your career as a police officer? If so, please state how many, the dates, the nature, and what became of the complaint(s).

2.) Have you ever been sued in civil court over a complaint of excessive force being used by you during your police career? If so, please state how many, the dates, the nature of each such complaint, and the outcome.

3.) Have you ever been investigated, independant of whether a complaint by a civilian was made, by any law enforcement agency, including your own, for suspicion of having used excessive or unnecessary force during your duties as a police officer? If so, please state how many times you were investigated for such reason, and the dates and nature of each.

Signed,                                                      9-5-03
Joseph Burgeson
1153 East St. South
Suffield, CT 06080

CERTIFICATION

This is to certify that a copy of the foregoing Interrogatories was mailed, postage prepaid, on September 5, 2003, to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

Joseph Burgeson

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson                                    3:02 cv 860 (AVC) (TPS)
   v.
City of New Haven                           9-5-03

### Plaintiff's Resubmission Of Requests For Production Of Documents And Things

Pursuant to Rule 34 Fed. R. Civ. P., the plaintiff re-submits the following requests for production, the defendants' original objections that they were overbroad, vague, or would not lead to admissable evidence notwithstanding. The plaintiff asserts that the requests are specific enough to be met, are relevant to his complaint, and could lead to admissable and/or other evidence, and further that they are not overly burdensome.

1.) The data, in whatever form kept by the New Haven Police Dept. or the City of New Haven, on the number, regardless of final outcome, of complaints of assault or excessive force against the New Haven Police for the last 10 years.

2.) Any record(s), in whatever form kept by the New Haven Police Dept. and regardless of final outcome, dealing with complaints of assault or excessive force against the defendant police officers.

# CERTIFICATION

I hereby certify that a copy of the foregoing Requests For Production of Documents And Things, was mailed on September 5, 2003, postage prepaid, to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

— Joseph Burgeson

9-26-03

Dear Mr. Wolak:

I'm writing to again inquire about discovery requests which have not yet been met. These include Interrogatories and Requests for Production from Officer Warren Palmer and Lt. J.D. Smith, as amended, as well as re-submitted requests for Interrogatories and Production for all the defendants. Should I not receive a response in a reasonable amount of time, and as this is my second letter of inquiry about unanswered discovery requests, I will next file a motion to compel with the court.
Signed,
Joseph Burgeson
1153 East St. South
Suffield, CT 06080

# CERTIFICATION

I, Joseph Burgeson, do hereby certify and subscribe, under penalty of perjury, that I am the movant in the foregoing Motion To Compel, and that the facts and statements contained therein are true to the best of my knowledge and belief.

Signed,
Joseph Burgeson
1153 East St. South
Suffield, CT 06080

Date: 10-23-03

# CERTIFICATION

This is to certify that a copy of the foregoing Motion To Compel was mailed on 10-23-03 to the following:

Michael Wolak
Corporation Counsel
165 Church St.
New Haven, CT 06510

Signed,
Joseph Burgeson