UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH BURGESON

v.

CITY OF NEW HAVEN, et al.

PRISONER
Case No. 3:02CV860 (AVC)(TPS)

## RULING ON PENDING MOTIONS

Pending is a motion for extension of time and motion to compel filed by the plaintiff. For the reasons set forth below, the motion to compel is denied and the motion for extension of time is granted.

I.  Motion to Compel [doc. # 50]

The plaintiff states that on June 18, 2003, he mailed an amended set of interrogatories and request for production to the defendants. On September 5, 2003, the plaintiff sent a letter to counsel for the defendants regarding the lack of response to his interrogatories and request for production by defendants Smith and Palmer. The plaintiff also re-served interrogatories and request for production on counsel for the defendants. On September 26, 2003, the plaintiff again sent a letter to counsel for the defendants indicating that if he did not receive responses to his discovery requests from defendants Palmer and Smith he would file a motion to compel. The plaintiff claims that defendants Smith and Palmer have not responded to his June or September interrogatories

and request for production.

The plaintiff does not attach copies of the June 2003 interrogatories and request for production of documents. Local Rule 37(a)3, D. Conn. L. Civ. R. requires that "every memorandum [in support of a discovery motion] shall include as exhibits, copies of the discovery requests in dispute." Accordingly, the motion to compel is denied without prejudice as to the June 2003 discovery requests for failure to comply with Local Rule 37(a)3.

The court notes that the September 5, 2003 interrogatories and request for production of documents attached to the motion to compel are not directed to any one defendant. These discovery requests reference previous objections by defendants other than defendants Palmer and Smith. Because the September 2003 interrogatories and request for production are not addressed to a particular party in the case as required by Rule 34, Fed. R. Civ. P., these discovery requests are deficient. Thus, the plaintiff's motion to compel is denied without prejudice as to the September 2003 discovery requests.

Plaintiff is directed to address the interrogatories and request for production to a specific defendant and re-serve the requests on counsel for that defendant.

II. Motion for Extension of Time [doc. # 51]

The defendants seek a ninety-day extension of the deadlines in the court's April 2003 Scheduling Order. He claims that he is

still attempting to obtain documents and answers to interrogatories from some of the defendants. The motion is granted. Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed on or before April 10, 2004. Discovery requests need not be filed with the court.

2. All motions for summary judgment shall be filed on or before May 10, 2004.

3. Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

## Conclusion

The plaintiff's Motion to Compel [doc. # 50] is DENIED without prejudice. The Motion for Extension of Time [doc. # 51] is GRANTED.

SO ORDERED this 8th day of January, 2004, at Hartford, Connecticut.

Thomas P. Smith
United States Magistrate Judge

3