UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT

2004 JAN 12 P 4: 56

U.S. DISTRICT COURT
HARTFORD, CT.

JOSEPH BURGESON

    v.

CITY OF NEW HAVEN, ET AL.

PRISONER CASE NO.
3:02-cv-860 (AVC) (TPS)

### RULING AND ORDER

The plaintiff, Joseph Burgeson, filed this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Pending is a motion to withdraw, two motions for leave to amend, a motion for preliminary injunction filed by the plaintiff and a motion to dismiss filed by defendant City of New Haven. The court will address the motions to withdraw and for leave to amend first.

I.   Motion to Withdraw Complaint [doc. # 47]
      Motions to Amend [docs. ## 46, 48]

The plaintiff seeks to withdraw all claims against defendants Alston, Brown and Cruz due to their lack of involvement in the alleged use of excessive force against him. The motion is granted. Pursuant to Rule 41(a)(2), all claims against defendants Alston, Brown and Cruz are dismissed.

The plaintiff has filed two motions for leave to amend. In the first motion, he seeks to add claims concerning the injuries he suffered as a result of the alleged use of excessive force by the defendants. In the second motion, the plaintiff states that he has identified the Doe officers referenced in the second amended

complaint as Darryl Cargill and Joe Pease, Jr. He seeks to add these two officers as defendants. He also seeks to add claims concerning the injuries he suffered as a result of the alleged use of excessive force by the defendants. Because the second proposed amended complaint includes the claims the plaintiff sought to add in his first motion for leave to amend relating to the extent of his injuries, the first motion for leave to amend is denied as moot.

Although the caption of the proposed amended complaint attached to the second motion for leave to amend eliminates Officers Alston, Brown and Cruz as defendants and adds Officers Cargill and Pease as defendants, the body of the amended complaint still includes references to Officer Alston. In addition, there are no specific references to the four officers, Palmer, White, Cargill and Pease, who were allegedly involved in the use of excessive force against the plaintiff. Thus, the proposed amended complaint is deficient. The second motion for leave to amend is denied without prejudice to renewal. Any renewed motion to amend and proposed amended complaint should include allegations concerning the involvement of Officers Palmer, White, Cargill and Pease in the alleged use of excessive force against the plaintiff.

II. Motion to Dismiss [doc. # 36]

The City of New Haven argues that the plaintiff has failed to state a claim upon which relief may be granted and seeks to dismiss

all claims against it. The court reviews the motion as addressed to the operative amended complaint [doc. # 42].

When reviewing a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sheppard, 18 F.3d at 150. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review, the court may consider "only the acts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

Keeping this standard in mind, the court accepts as true the

following allegations taken from the second amended complaint. Because the plaintiff has withdrawn all claims against Officer Alston, court excludes any allegations against Officer Alston from the facts set forth below. On October 25, 2000, the plaintiff was hiding underneath a car parked in the driveway of 29 Stevens Street in New Haven, Connecticut. Two police officers dragged him from underneath the car, placed a handcuff on his left wrist and twisted and yanked his left arm. One of the officers also stomped on the plaintiff's hand with his boot. The other officer grabbed the plaintiff's right wrist and kicked the plaintiff in his upper chest and stomped on the plaintiff's right hand.

At least three other officers then began to kick, stomp and punch the plaintiff's head, back, buttocks, legs and right side. After one minute, the plaintiff began to lose consciousness. After the plaintiff was transported to the New Haven Police Department, he complained of a broken arm and headache. Officers then transported him to Yale New Haven Hospital for treatment. The examining physician noted many abrasions and contusions to the plaintiff's body. The physician gave the plaintiff a tetanus shot, placed the plaintiff's right arm in a sling and prescribed him pain medication. Officers transported the plaintiff back to the police department and placed him in a cell for two days without medication or medical attention. The plaintiff still suffers from vertigo, soreness, loss of sensation in the skin all over his body and

mental and emotional stress.

Defendant City of New Haven moves to dismiss the amended complaint on two grounds: (1) the plaintiff has failed to allege facts suggesting that the plaintiff's injuries were due to a policy or custom of the City of New Haven; and (2) the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims. The plaintiff offers no argument in response to the first ground, but asks the court to retain jurisdiction over the City of New Haven with respect to the state law claims.

A.  Federal Claims Against City of New Haven

The City of New Haven argues that the plaintiff fails to allege facts to state a claim for municipal liability against it for the allegedly unconstitutional actions of Lieutenant Smith and Officers White and Palmer. A municipality cannot be held liable under 42 U.S.C. § 1983 for tortious acts of municipal employees unless an official policy or practice is responsible for those acts. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91 (1978). Thus, neither a municipality cannot be held liable "soley because [the municipality] employs a tortfeasor --or in other words . . . on a respondeat superior theory." Id. at 691. The Plaintiff bears the burden of demonstrating the existence of such a policy or practice. He can do this by demonstrating that an individual with final policy-making authority created the policy that resulted in the deprivation of plaintiff's rights. See Clue

v. Johnson, 179 F.3d 57, 62 (2d Cir. 1999); Rookard v. Health & Hospitals, Corp., 710 F.2d 41, 45 & nn. 3 & 4 (2d Cir. 1983).

Here, the plaintiff alleges only an isolated incidence of excessive force by an Officers of the New Haven Police Department. The plaintiff's amended complaint contains no facts addressed to the City of New Haven. Instead, the plaintiff simply states the City of New Haven is responsible for the actions of its Police Department. The plaintiff provides no facts to suggest that a policy of custom of the City of New Haven or its Police Department led to the alleged use of excessive force against him by Lieutenant Smith and Officers White and Palmer. See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("bald assertions and conclusions of law" do not prevent the dismissal of complaint pursuant to Fed. R. Civ. P. 12(b)(6)). Accordingly, the motion to dismiss the claims against the City of New Haven is granted.

B.   State Law Claims Against City of New Haven

The City of New Haven also argues that the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims against it. Supplemental or pendent jurisdiction is a matter of discretion, not of right. Thus, the court need not exercise supplemental jurisdiction in every case. See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966). The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and

fairness to the litigants. The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent. See id. at 726. In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims"); Spear v. Town of West Hartford, 771 F. Supp. 521, 530 (D. Conn. 1991) ("absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of"), aff'd, 954 F.2d 63 (2d Cir.), cert. denied, 506 U.S. 819 (1992).

The court has granted the motion to dismiss as to all federal claims against the City of New Haven. The court declines to exercise supplemental jurisdiction over any remaining state law claims against the City of New Haven. Thus, the court grants the motion to dismiss on this ground.

III. <u>New Haven Police Department</u>

The plaintiff has named the New Haven Police Department as a defendant. A police department, however is not a person subject to suit under section 1983.

In order to state a claim for relief under § 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986).

A municipality is subject to suit pursuant to 42 U.S.C. § 1983. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690 (1978). A municipal police department, however, is not a municipality. Rather, it is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. <u>See</u> <u>Cowras v. Hard Copy</u>, Case No. 3:95cv99(AHN), slip op. at 25 (D. Conn. Sept. 29, 1997). Other courts addressing this issue concur that a municipal police department is not a "person" within the meaning of § 1983 and, thus, not subject to suit. <u>See, e.g.</u>, <u>Hervey v. Estes</u>, 65 F.3d 784, 79-92 (9th Cir. 1995) (intergovernmental drug task force not a person or entity subject to suit under 42 U.S.C. § 1983); <u>Dean v. Barber</u>, 951 F.2d 1210,

8

1215 (11th Cir. 1992) (affirming district court's dismissal of claims against county sheriff's department because, under state law, sheriff's department lacked capacity to be sued); <u>Gaines v. University of Pennsylvania Police Dep't</u>, No. 97-3381, 1997 WL 624281, at *3 (E.D. Pa. Oct. 7, 1997) (holding "as a matter of law, that police departments are purely instrumentalities of the municipality with no separate identity; thus, they are not 'persons' for purposes of § 1983 and not capable of being sued under § 1983."); <u>PBA Local No. 38 v. Woodbridge Police Dep't</u>, 832 F. Supp. 808, 825-26 (D.N.J. 1993) (citing cases to support statement that courts considering this issue have unanimously concluded that municipal police departments are not proper defendants in § 1983 actions). Accordingly, there is no legal basis for the plaintiff's claims against the New Haven Police Department. All claims against the New Haven Police Department are dismissed. <u>See</u> 28 U.S.C. § 1915 (e)(2)(B)(ii) (court may dismiss at any time claims which fail to state a claim upon which relief may be granted).

IV. <u>Motion for Preliminary Injunction [doc. # 49]</u>

The plaintiff seeks an order enjoining the Department of Correction from transferring him from MacDougall Correctional Institution to another correctional facility. He claims that he has been transferred four times since the filing of this case. He claims that he lost some of his legal papers during the transfers.

9

The court notes that the record reflects that the plaintiff has not been transferred in over six months and remains at MacDougall Correctional Institution.

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995]. Therefore, oral testimony and argument are not necessary and the plaintiff's request for a hearing is denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

The same standard governs consideration of temporary restraining orders and preliminary injunctions. See Local 1814,

Int'l Longshoremen's Ass'n v. New York Shipping Ass'n, 965 F.2d 1224, 1228 (2d Cir. 1992). In this circuit the standard is well established. The moving party "'must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward [that] party . . . .'" King v. Innovation Books, 976 F.2d 824, 828 (2d Cir. 1992) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).

Here, the plaintiff seeks injunctive relief from the Department of Correction. A Department of Correction, however, is not a person. Even if the plaintiff had sought injunctive relief from a person such as the Commissioner of Correction, the court

11

must have in personam jurisdiction over a person before it can validly enter an injunction against him or her. See Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990); Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56, 59 (2d Cir. 1981). See also C. Wright & A. Miller, Federal Practice and Procedure § 2956, at 555 (1973) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). Neither the Department of Correction nor the Commissioner of Correction are parties to this action. Thus, the court does not have in personam jurisdiction over them and court cannot enjoin their actions. Accordingly, the plaintiff's motion for injunctive relief is denied.

Conclusion

The Motion to Withdraw **[doc. # 47]** is **GRANTED**. Pursuant to Rule 41(a)(2), all claims against defendants Alston, Brown and Cruz are **DISMISSED**. The Motion for Leave to Amend **[doc. # 46]** is **DENIED** as moot. The Motion for Leave to Amend [**doc. # 48**] is **DENIED** without prejudice to renewal. The plaintiff may renew his motion to amend provided he includes factual allegations concerning the involvement of the newly identified officers, Cargill and Pease, as well as the involvement of Officers White and Palmer. Any renewed motion to amend and proposed amended complaint shall be filed within **thirty days** of the date of this order. The City of New

Haven's Motion to Dismiss **[doc. # 36]** is **GRANTED** and all federal and state law claims against the City of New Haven are **DISMISSED**. All claims against the New Haven Police Department are **DISMISSED**. See 28 U.S.C. § 1915 (e)(2)(B)(ii). The Motion for Preliminary Injunction **[doc. # 49]** is **DENIED**.

    **SO ORDERED.**

    Entered in Hartford, Connecticut, this _12TH_ day of _JANUARY_, 2004.

                                                       _/s/ Alfred V. Covello_
                                                       Alfred V. Covello
                                                       United States District Judge