UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 JAN 26 P 3:53

Burgeson

v.   3:02CV860 (AVC)(TPS)

City of New Haven

## MOTION FOR RECONSIDERATION

The plaintiff in the above-captioned complaint moves the court to reconsider its ruling of January 8, 2004 dismissing his complaint against the City of New Haven, and its decision to decline to exercise supplemental jurisdiction of state law claim(s) for the following reasons:

1. In dismissing the plaintiff's claim against the City of New Haven, the court cited Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91(1978), where it was held that a municipality cannot be held liable on a respondeat superior theory, but that a "policy of custom" by the municipality must be demonstrated by the plaintiff. The plaintiff in this action has attempted to establish, through discovery requests, that there is indeed a "custom" of the city's police department of assaulting suspects and arrestees. This is evidenced by the city's setting up of a civilian review committee to oversee and review the findings of the police department's Internal Values and Ethics division. The plaintiff has tried repeatedly

to get information from the defendants to establish his claim, through Interrogatories and Requests For Production, that such a pattern by its police department exists and is manifested in the number and manner of complaints made against it. And while the defendants have made numerous objections to the plaintiff's discovery requests in this regard, it is the plaintiff's intent to eventually prove that there is such a "custom" by the City of New Haven. The plaintiff asks that the court rescind its decision to dismiss based on Monell until the plaintiff has completed all discovery, and has had opportunity to collate and assimilate all the information gained thereby, and to amend his complaint and correct any deficiencies accordingly.

2. The plaintiff admits that he probably argued unconvincingly that the court should exercise supplemental jurisdiction over a pendent state law claim against the City of New Haven, but he must again assert the requirement of 28 U.S.C. §1367(a) that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to other claims in the action within such jurisdiction that they form part of the same case...." The plaintiff's claims against the police officers who beat him are still under the court's original jurisdiction,

and his claim(s) against the City of New Haven forms part of the same case. In McLaurin v. Prater (1994, CA8 Ark) 30 F3d 982, the court held that district court had erred in declining to exercise supplemental jurisdiction over an inmate's state law tort claims since they were closely related to his §1983 claim, and none of the four exceptions to 1367(a) existed, as is the case with the plaintiff. In such cases, McLaurin held that the use of the word "shall" in the language makes supplemental jurisdiction mandatory. The court in its ruling cited case law based on §1367(c)(3), one of the exceptions to §1367(a), where all other federal claims have been dismissed. The plaintiff points out that this is in error, since all his other claims are still viable and under the court's original jurisdiction. The plaintiff's claim(s) against the City of New Haven was not a separate case, but part of the larger case arising from his beating by New Haven Police. Under the mandatory language of §1367(a), the court must exercise supplemental jurisdiction over the plaintiff's pendent state law claim(s) against the City of New Haven should that defendant ultimately prevail on its motion to dismiss the plaintiff's complaint under Monell.

WHEREFORE: The plaintiff asks the court to reconsider its

decision to dismiss his claim against the City of New Haven, and to rescind and defer such action until he has had opportunity to complete discovery and can utilize the information gained to establish and demonstrate to the court the "custom" of the New Haven Police for brutality; and to reconsider its apparently erroneous ruling declining to exercise supplemental jurisdiction.

Signed,
*Joseph Burgeson*
1153 East St. South
Suffield, CT 06080

Date: 1-23-04

## CERTIFICATION

This is to certify that a copy of the foregoing Motion For Reconsideration was mailed, postage prepaid, on 1-23-04 to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

*Joseph Burgeson*