UNITED STATES DISTRICT COURT

**FILED**

2004 MAR 17 P 5:35

DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT. CONN

Burgeson                                    3:02cv860 (AVC) (TPS)
         v.
City of New Haven

## MOTION TO COMPEL

Pursuant to Rule 37(a)(2)(A) Fed. R. Civ. P., the plaintiff in the above-captioned complaint moves the court to compel the defendants to comply with his discovery requests for the following reasons:

1.) On October 23, 2003, after several good-faith attempts at acquiring discovery from the defendants in the preceding months, including amending his requests per the defendants' objections and letters of inquiry about unanswered requests, the plaintiff filed a motion to compel with the court. (see item #1)

2.) on January 8, 2004, the court denied the plaintiff's motion to compel without prejudice, citing the plaintiff's failure to include copies of some of the discovery in dispute, and his failure to direct his discovery requests to particular defendants. (See item #2) The plaintiff attaches herein as well copies of the discovery requests that the court noted he omitted in his earlier motion

to compel, as item # 3.

3.) On January 23, 2003, the plaintiff resubmitted a set of Interrogatories to Officers J.D. Smith and Warren Palmer, as well a request for documents and things addressed to all the defendants and their attorney, Michael Wolak. (see item nos. 4, 5, + 6)

4.) On February 26, 2004, the plaintiff made a good-faith attempt to resolve the unanswered discovery requests with the defendants' attorney, Michael Wolak. (See item # 7)

5.) As of this date, March 15, 2004, the defendants have not responded at all to the plaintiff's requests for discovery or his letter of inquiry.

6.) Since August 18, 2003, the plaintiff has received no discovery or answers to several queries, and despite his motion(s) to compel.

7.) The plaintiff has never received any answers to his requests for discovery from Officers J.D. Smith and Warren Palmer individually.

8.) Despite the fact that the defendants have not objected, or responded in any way, to the plaintiff's resubmitted Interrogatories and Requests for Production, the plaintiff asks the court

to note that he has, due to the defendants' numerous objections to his initial discovery requests, over time amended and tailored his discovery requests with an eye to the relevancy and need of the evidence he seeks, and to the reasonableness of each request. And the discovery sought in his latest requests meets the same criteria of relevance, specificity, and reasonableness. However, the plaintiff again points out that the defendants have made no objections to any discovery requests, much less have they responded at all, since August of 2003.

CONCLUSION: For the foregoing stated reasons, the plaintiff asks the court to grant his motion to compel, and to order defendants J.D. Smith and Warren Palmer to answer his Interrogatories, and to order all the defendants and/or their attorney, Michael Wolak, to comply with the plaintiff's Request for Production of Documents.

Signed,                                     3-15-04
Joseph Burgeson

## DECLARATION

I, Joseph Burgeson, do hereby declare and subscribe, under penalty of perjury, that I am the movant in the foregoing Motion To Compel, and that the facts and statements contained therein are true.

Signed,                                     3-15-04
Joseph Burgeson

# CERTIFICATION

This is to certify that a copy of the foregoing Motion To Compel was mailed, postage prepaid, on March 15, 2004, to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

- Joseph Burgeson

**#1**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

Burgeson                              No: 302; 860 - (AVC)(TPS)
v.
City of New Haven, et al

## MOTION TO COMPEL

Pursuant to Rule 37(a)(2)(A) Fed. R. Civ. P., the plaintiff in the above-captioned complaint moves the court to compel the defendants to comply with his discovery requests for the following reasons:

1.) On 4-14-03 the plaintiff received a scheduling order from the court, Thom. P. Smith, setting a 7-month period for the completion of Discovery, to begin on the date of counsel's appearance for the defendants, March 30, 2003. (See Item #1)

2.) On 5-6-03 the plaintiff mailed to the defendants Requests for Admissions, First Set of Interrogatories, and Requests for Production of Documents and things.

3.) On 6-11-03 the plaintiff received from the defendants objections to his Interrogatories and Requests For Production, citing, inter alia, inadmissability, privacy, and irrelevancy.

4.) On 6-18-03 the plaintiff mailed an amended set of Interrogatories and Requests for Production to the defendants.

5.) On 7-17-03 the plaintiff received a copy of a Motion For Extension Of Time To Answer And Respond to his amended Interrogatories and Request for Production by the defendants.

6.) On 7-24-03 the plaintiff received a copy of a Motion For Extension Of Time To Respond To Interrogatories and Requests For Production by the defendants.

7.) On 8-18-03 the plaintiff received from defendants City of New Haven, Michael White, and former defendants Craig Alston and Wilfredo Cruz, Responses to his original, unobjected-to Interrogatories and Requests For Production, as well as Responses To his Amended Interrogatories and Requests For Production.

8.) On 9-5-03 the plaintiff mailed a letter of inquiry about unanswered Interrogatories and Requests For Production from Lt. J.D. Smith and Officer Warren Palmer. The plaintiff included re-submitted Interrogatories and Requests For Production, explaining in his letter his reasons for doing so. (See Item #2)

9.) On 9-26-03 the plaintiff mailed a letter of inquiry to the defendants asking about the still unanswered discovery requests of Lt. J.D. Smith and Officer Warren Palmer, as well as his re-submitted Interrogatories and Requests For Production. (See Item # 3)

10.) As of this date, 10-23-03, the plaintiff has received no discovery from Lt. J.D Smith or Officer Warren Palmer whatsoever, nor answers to his re-submitted discovery requests from any of the defendants.

11.) The plaintiff has received no response from the defendants' counsel, Michael Wolak, to his inquiries about un-answered discovery requests, despite his good-faith attempts to resolve this.

THEREFORE: The plaintiffs unanswered discovery requests remaining uncomplied with, the plaintiff moves the court to compel defendants Lt. J.D. Smith and Officer Warren Palmer to answer and respond to his Interrogatories and Requests For Production.

The plaintiff further moves the court to compel the defendants to answer and comply with his re-submitted Interrogatories and Requests for Production because they are specific enough, reasonably compliable, relevant, and will, he believes, lead to admissable and further or other evi-

(3)

dence. The plaintiff asserts relevance because he intends to present to a jury, through the information he will acquire from his re-submitted Interrogatories and Requests For Production, that the New Haven Police have had a history of complaints against them for assault or excessive force, and a reputatation for a lack of willingness to investigate them fairly and competently, so much so that the City of New Haven was forced to set up a civilian oversight committee in the fall of 2000 to review the findings of the police dept.'s self-investigatory organ, the Office of Internal Values and Ethics, such was the public's loss of confidence in that organ and the police department as a whole to investigate itself fairly and legally. The plaintiff will use this fact, and any supporting facts his re-submitted discovery requests will bring to light, to show a general pattern of violence by the New Haven Police, and, if it should show, by the defendant officers, against arrestees; to bring into question their credibility; and to bolster his claim of assault by them. The plaintiff asks the court, in view of these reasons and facts, to look unfavorably on the defendants' claims of inadmissability based on "unfounded" complaints in which they themselves made the findings, ruling this objection therefore untenable, and as well to view any questions of admissibility from the larger perspective of his complaint and his stated intent for the use of such information as his re-submitted discovery requests will bring — to show the historical tendency of the New Haven Police to violence, as well as any such tendencies in any of the individual defend-

(4)

ants, and to impeach their credibility. To allow the police themselves to determine what is relevant or admissable in this case will unfairly injure and undermine the plaintiff's attempt to receive justice for the vicious beating he took from the very police.

Finally, the plaintiff does not seek information that is irrelevantly private from the defendants, or to compromise the privacy of other complainants, but only information relevant to and tending to prove his claims against the police. Police officers are public servants, carrying out the duties of their office in and with the public. What police officers do as public servants should be public information, including complaints against them, and the plaintiff should be allowed, with the court's discretion, to decide what such information is relevant and useful to his claims against the police.


Signed,                                Date: 10-23-03
Joseph Burgeson
1153 East St South
Suffield, CT 06080

9-3-03

Dear Attorney Wolak:

I write to inquire about the responses from Lt. J.D. Smith and Officer Warren Palmer to my Interrogatories of May 2, 2003 and June 16th, 2003, and to my Requests For Production Of Documents of May 2, 2003, please.

Enclosed as well are re-submissions of Interrogatories and Requests For Production that are relevant, specific, and reasonably compliable.

Signed,
Joseph Burgeson

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson                                3:02 cv 860 (AVC) (TPS)

v.

City of New Haven                       Date: 9-5-03

## PLAINTIFF'S RESUBMISSION OF OBJECTED TO INTERROGATORIES

Pursuant to Rule 39 Fed.R.Civ.P., the plaintiff re-submits the following interrogatories, but noting the defendants' original objections, states that he does not seek particular information that would compromise the identity or privacy of a complainant, nor irrelevant information on the defendant police officers' careers. The plaintiff asserts, however, that civilian complaints made against those officers and the Police Dept., especially for excessive force or assault, are relevant to his claim, and could as well lead to other and admissable evidence. The plaintiff further asserts that these interrogatories are specific enough to be answered.

(1) Have you ever had a complaint made against you for using excessive force during your career as a police officer? If so, please state how many, the dates, the nature, and what became of the complaint(s).

2.) Have you ever been sued in civil court over a complaint of excessive force being used by you during your police career? If so, please state how many, the dates, the nature of each such complaint, and the outcome.

3.) Have you ever been investigated, independant of whether a complaint by a civilian was made, by any law enforcement agency, including your own, for suspicion of having used excessive or unnecessary force during your duties as a police officer? If so, please state how many times you were invest-igated for such reason, and the dates and nature of each.

Signed,                                         9-5-03

Joseph Burgeson
1153 East St. South
Suffield, CT 06080


## CERTIFICATION

This is to certify that a copy of the foregoing Interrogatories was mailed, postage prepaid, on September 5, 2003, to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

                                         Joseph Burgeson

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson                              3:02 cv 860 (AVC) (TPS)
v.
City of New Haven                     9-5-03

## Plaintiff's Resubmission Of Requests For Production Of Documents And Things

Pursuant to Rule 34 Fed. R. Civ. P., the plaintiff re-submits the following requests for production, the defendants' original objections that they were overbroad, vague, or would not lead to admissable evidence notwithstanding. The plaintiff asserts that the requests are specific enough to be met, are relevant to his complaint, and could lead to admissable and/or other evidence, and further that they are not overly burdensome.

1.) The data, in whatever form kept by the New Haven Police Dept. or the City of New Haven, on the <u>number</u>, regardless of final outcome, of complaints of assault or excessive force against the New Haven Police for the last 10 years.

2.) Any record(s), in whatever form kept by the New Haven Police Dept. and regardless of final outcome, dealing with complaints of assault or excessive force against the defendant police officers.

# CERTIFICATION

I hereby certify that a copy of the foregoing Requests For Production of Documents And Things, was mailed on September 5, 2003, postage prepaid, to the following:

Michael Wolak
Asst. Corporation Counsel
165 Church St.
New Haven, CT 06510

— Joseph Burgeson

9-26-03

Dear Mr. Wolak:

I'm writing to again inquire about discovery requests which have not yet been met. These include Interrogatories and Requests for Production from Officer Warren Palmer and Lt. J.D. Smith, as amended, as well as re-submitted requests for Interrogatories and Production for all the defendants. Should I not receive a response in a reasonable amount of time, and as this is my second letter of inquiry about unanswered discovery requests, I will next file a motion to compel with the court.

Signed,

Joseph Burgeson
1153 East St. South
Suffield, CT 06080

# CERTIFICATION

I, Joseph Burgeson, do hereby certify and subscribe, under penalty of perjury, that I am the movant in the foregoing Motion To Compel, and that the facts and statements contained therein are true to the best of my knowledge and belief.

Signed,                          Date: 10-23-03
Joseph Burgeson
1153 East St. South
Suffield, CT 06080

# CERTIFICATION

This is to certify that a copy of the foregoing Motion To Compel was mailed on 10-23-03 to the following:

Michael Wolak
Corporation Counsel
165 Church St.
New Haven, CT 06510

Signed,
Joseph Burgeson



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ZG JAN -8 P 1:0

U.S. DISTRICT COURT
HARTFORD, CT.

JOSEPH BURGESON                    :

          v.                       :          PRISONER
                                   :    Case No. 3:02CV860 (AVC)(TPS)
CITY OF NEW HAVEN, et al.          :
                                   :


                    RULING ON PENDING MOTIONS

        Pending is a motion for extension of time and motion to compel

filed by the plaintiff.  For the reasons set forth below, the

motion to compel is denied and the motion for extension of time is

granted.

I.   Motion to Compel [doc. # 50]

        The plaintiff states that on June 18, 2003, he mailed an

amended set of interrogatories and request for production to the

defendants.  On September 5, 2003, the plaintiff sent a letter to

counsel for the defendants regarding the lack of response to his

interrogatories and request for production by defendants Smith and

Palmer.  The plaintiff also re-served interrogatories and request

for production on counsel for the defendants.  On September 26,

2003, the plaintiff again sent a letter to counsel for the

defendants indicating that if he did not receive responses to his

discovery requests from defendants Palmer and Smith he would file

a motion to compel.  The plaintiff claims that defendants Smith and

Palmer have not responded to his June or September interrogatories

and request for production.

The plaintiff does not attach copies of the June 2003 interrogatories and request for production of documents. Local Rule 37(a)3, D. Conn. L. Civ. R. requires that "every memorandum [in support of a discovery motion] shall include as exhibits, copies of the discovery requests in dispute." Accordingly, the motion to compel is denied without prejudice as to the June 2003 discovery requests for failure to comply with Local Rule 37(a)3.

The court notes that the September 5, 2003 interrogatories and request for production of documents attached to the motion to compel are not directed to any one defendant. These discovery requests reference previous objections by defendants other than defendants Palmer and Smith. Because the September 2003 interrogatories and request for production are not addressed to a particular party in the case as required by Rule 34, Fed. R. Civ. P., these discovery requests are deficient. Thus, the plaintiff's motion to compel is denied without prejudice as to the September 2003 discovery requests.

Plaintiff is directed to address the interrogatories and request for production to a specific defendant and re-serve the requests on counsel for that defendant.

II. <u>Motion for Extension of Time [doc. # 51]</u>

The defendants seek a ninety-day extension of the deadlines in the court's April 2003 Scheduling Order. He claims that he is

2

still attempting to obtain documents and answers to interrogatories from some of the defendants. The motion is granted. Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed on or before April 10, 2004. Discovery requests need not be filed with the court.

2. All motions for summary judgment shall be filed on or before May 10, 2004.

3. Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

## Conclusion

The plaintiff's Motion to Compel [doc. # 50] is DENIED without prejudice. The Motion for Extension of Time [doc. # 51] is GRANTED.

SO ORDERED this 8th day of January, 2004, at Hartford, Connecticut.


Thomas P. Smith
United States Magistrate Judge



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Burgeson                          362 cv 860 (AVC) (TPS)
      v.
City of New Haven, et al       June 16, 2003

PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO HIS REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS

In response to defendants' objections to his requests
for production, dated June 6, 2003, the plaintiff sub-
mits the following amended requests for production to
the defendants:

1.) The data, in whatever form kept by the New Haven
Police Department, recording founded complaints of
assault or excessive force against member police officers
over the last 10 years.

2.) The data, in whatever form kept by the New Haven
Police Department, recording founded complaints of wrong-
doing made against member police officers by civilians,
and in particular against the individual officers named
as defendants in the above-captioned complaint, over

the last 10 years.


Signed,
Joseph Burgeson
1153 East St. South
Suffield, CT 06080

Mailed
6-18

#3(b)

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

Burgeson                              302 cv 860 (AVC) (TPS)
    v.
City of New Haven, et al              June 16, 2003

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO HIS INTERROGATORIES

The plaintiff, in response to the defendants' 6 objections to his interrogatories, submits the following elaborations, clarifications, and amendments of those objected-to interrogatories:

1.) Have you been reprimanded, disciplined, or suspended for using excessive force during your police career? If so, state with specificity the facts of each such incident.

2.) Have you been reprimanded, disciplined, or suspended for an incident arising from a civilian's complaint during your career as a police officer? If so, state the facts of each.

3.) Have you ever been convicted of a crime? If so, state the facts of the conviction.

4.) Have you been found to be at fault in a civil lawsuit against

you arising from personal actions by you during your police career? If so, state with specificity the facts of each such finding against you.


Signed,
Joseph Burgison
1153 East St. South
Suffield, CT 06680

Mailed
1-23-03

**#4**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson                                    3:02cv860 (AVC) (TPS)
   v.
City of New Haven

### PLAINTIFF'S RESUBMITTED INTERROGATORIES
### TO OFFICER J.D. SMITH

Pursuant to the Rules of federal procedure, the plaintiff submits the following interrogatories to Officer J.D. Smith, for answer within the 30-day requirement.

1. Were you present at the plaintiff's arrest? If so, describe the arrest and identify what officers were present, what officers participated, and what each officer did, including yourself.

2. Have you ever been disciplined for using excessive force on a suspect or arrestee? If so, describe the reason and the discipline imposed.

3. Have you ever been disciplined for an incident arising from a civilian suspect or arrestee's complaint during your police career? If so, describe the complaint and the discipline imposed.

4. Have you ever been convicted of a crime? If so, state the facts of the conviction.

5. Have you previously been sued for assault, excessive force, or other alleged improper actions against civilian suspects or arrestees during your police career?

Joseph Burgeson                    1-23-04

*mailed
1-23-03*

**#5**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson

v.

City of New Haven

3:02 cv860 (AVC) (TPS)

### PLAINTIFF'S RESUBMITTED INTERROGATORIES TO OFFICER WARREN PALMER

Pursuant to the Rules of federal procedure, the plaintiff submits the following interrogatories to Officer Warren Palmer, for answer within the 30-day requirement.

1. Were you present at the plaintiff's arrest? If so, describe the arrest and identify all officers present, describe what officers participated and what each officer did, including yourself.

2. Have you ever been disciplined for using excessive force on a suspect or arrestee during your police career? If so, describe the reason and the discipline imposed.

3. Have you ever been disciplined for an incident arising from a civilian suspect or arrestee's complaint during your police career? If so, describe the complaint and the discipline imposed.

4. Have you ever been convicted of a crime? If so, state the facts of the conviction.

5. Have you ever been sued for assault, excessive force, or other alleged improper actions against civilian suspects or arrestees during your police career?

Joseph Burgeson                    1-23, 04



# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Burgeson

    v.

City of New Haven

3:02cv 860 (AVC) (TPS)

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL THE DEFENDANTS AND/OR THEIR COUNSEL, MICHAEL WOLAK

Pursuant to Rule 34, Fed.R.Civ.P., the plaintiff requests that the defendants produce the documents listed herein within 30 days, either by providing the plaintiff with copies or making them available to the plaintiff for inspection and copying.

1. A copy of the resolution, decision, ordinance, or order by the New Haven City Council or Board of Alderman, and/or the mayor, John DeStefano, establishing the civilian committee that oversees and reviews findings of the Internal Values and Ethics division of the New Haven Dept. of Police Services.

2. A copy of the civilian review committee's commission, charter, etc., in which its policy, procedures and rules, authority, or authority to recommend, are embodied, along with the official name and mailing address of this committee.

3. A copy of the agreement between the city and the Dept. of Police Services and/or its police union on the scope of authority of the civilian review committee.

4. The data, in whatever form available to the defendants, recording complaints against the New Haven Dept. of Police Services for assault or excessive force in the 10-yr. period from 1991 through 2000, as to the <u>number</u> of complaints. The data requested includes lawsuits, as well as complaints against the City of New Haven, as to the <u>number</u> of complaints. The plaintiff in this request does not ask for the names of complainants or officers who were the objects of the complaints.

5. The data, in whatever form available to the defendants, recording findings of probable cause in complaints of assault or excessive force against the New Haven Dept. of Police Services for the 10-yr. period 1991 through 2000, as to the <u>total number</u>, and as to the <u>individual numbers</u> of such findings that resulted as follows: reprimand or other discipline of officers; suspension of officers; demotion or forfeiture of officers; dismissal of officers; arrest of officers; conviction of officers; adverse findings in civil courts against officers, the Department of Police Services, and/or the City of New Haven. The plaintiff in this request does not seek names, personal information, or details from any complaint, but only the total <u>numbers</u> of results.

6. A statement, without reference to any individual officer or complaint, of the number, collectively, of complaints of assault or excessive force made against the officers named as defendants in the plaintiff's complaint during their police careers.

7. A copy of the agreement between the City of New Haven and its Dept. of Police Services whereby the city provides counsel to represent member police officers against civil or criminal complaints.

8. A COLOR copy of the plaintiff's mug shot taken at Union Ave. police lock-up on October 26, 2000. These photos are color photos, but the defendants have provided the plaintiff with a black-and-white photocopy of the mug shot. The plaintiff wants a color copy.

9. The identities of the following individuals: the police officer(s) who accompanied and had custody of the plaintiff during his trip to and return from Yale-New Haven Hospital for treatment of his injuries on the night of his arrest, October 25th, 2000; the identity of the officer(s) who actually handed the plaintiff over to judicial marshals at the Union Ave. police lock-up on the night of his arrest; the judicial mashals working the 4 to 12 shift on the night of the plaintiff's arrest; the judicial marshals who worked all shifts for October 26, 2000, and the judicial marshals who worked the midnight to 8 and 8 to 4 shifts on October 27th, 2000 at Union Ave. police lock-up, broken down into shift and date.

10. The records and/or minutes of any meetings between Mayor De Stefano's office and Police Dept. representatives, including police union representatives, concerning the issue of a civilian review committee to oversee findings of the police dept's. Internal Values and Ethics division.

11. The records and/or minutes of any meetings between Police Chief Melving Wearing and his deputy chiefs and police union representatives over the issue of a civilian review committee overseeing findings of the Internal Values and Ethics division.


Joseph Bumguson

**#7**

Feb. 26, 2004

Mr. Wolak:

On January 23, 2004, I mailed a new set of interrogatories to you for Officers J.J. Smith and Warner Palmer, as well as a second request for Production of Documents and Things. It's now 34 days since I mailed these things to you, and I've gotten no response whatsoever.

I'm writing this letter as a good-faith attempt at resolution, and again to remind you that officers Smith and Palmer have not answered any discovery requests I've made of them. I will wait at least 15 days for a response to this letter, and then will once again seek a motion to compel from the court.

— Joseph Burgeson