UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT

2004 AUG -6  P 4:08

U.S. DISTRICT COURT
HARTFORD, CT.

JOSEPH BURGESON

v.

CITY OF NEW HAVEN, ET AL.

PRISONER CASE NO.
3:02-cv-860 (AVC) (TPS)

### RULING AND ORDER

The plaintiff, Joseph Burgeson, filed this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Pending is a motion for reconsideration, a motion for leave to amend, a motion to compel and a motion for extension of time. For the reasons set forth below, the motion for reconsideration is granted, but after careful reconsideration the court affirms its prior ruling granting the motion to dismiss. The motion to compel and motion for leave to amend are granted and the motion for extension of time to appeal is denied.

I. Motion to Amend [doc. # 56]

The plaintiff states that he has identified the Doe officers referenced in the second amended complaint as Darryl Cargill and Joe Pease, Jr. He seeks to add these two officers as defendants. He also seeks to add claims concerning the injuries he suffered as a result of the alleged use of excessive force by the defendants and increase the amount of damages sought from the defendants.

In a prior ruling, the court denied the plaintiff's motion for

leave to amend to add Cargill and Pease as defendants without prejudice because the proposed amended complaint was deficient. The court directed the plaintiff to renew his motion to amend provided he included factual allegations concerning the involvement of the newly identified officers, Cargill and Pease, as well as the involvement of Officers White and Palmer. The plaintiff's proposed amended complaint includes allegations that five or six officers used excessive force against him during his arrest on October 25, 2000. He states that he knows Officers Palmer, White, Cargill and Pease were involved in the assault, but he cannot identify the specific acts of force committed by each of the named officers because he was lying face down during the incident. The motion to amend is granted absent objection.

II.  Motion for Reconsideration [doc. # 55]

On January 12, 2004, the court granted the City of New Haven's motion to dismiss and dismissed all federal and state law claims against the City of New Haven and dismissed all claims against the New Haven Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff now seeks to have the court reconsider its ruling as it pertains to the City of New Haven.

The standard for granting a motion for reconsideration under Rule 59(e), Fed. R. Civ. P. is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling

2

decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence . . . .'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

Here, the plaintiff has failed to point out any errors of law or fact in the court's ruling granting the City of New Haven's motion to dismiss. In fact, the plaintiff does not contend that the court's ruling was incorrect as it applied to the allegations in the operative amended complaint. Instead, the plaintiff states that he is attempting to obtain information through discovery concerning the New Haven Police Department's custom of using excessive force against suspects during arrests for criminal violations. He states that he is aware of a civilian review committee that was created to oversee and review the findings of the police department in cases of alleged misconduct. He claims

3

that he will be able to obtain evidence to demonstrate the existence of a policy or custom of use of excessive force by the police department through discovery and has filed a motion to compel. He seeks to amend his complaint to add these allegations after he obtains the necessary information from the defendants.

The motion for reconsideration is granted. After careful reconsideration, the court affirms its ruling granting the City of New Haven's motion to dismiss. The plaintiff may move for leave to file an amended complaint to add allegations that the City had a custom or policy of using excessive force against suspects during their arrests within sixty days of the date of this order.

III. Motion to Compel [doc. # 58]

The plaintiff seeks to compel the defendants to respond to his interrtogatories directed to defendants Smith and Palmer and his request for production of documents directed to all defendants. He mailed these discovery requests to counsel for the defendant on January 23, 2004. The defendants have failed to respond to the requests. The plaintiff has made sufficient efforts to resolve these discovery disputes without the intervention of the court. The defendants have not filed an objection to this motion. Thus, the motion to compel is granted. The defendants are directed to respond to the January 23, 2004 discovery requests within thirty days of the date of this order and to file a notice of compliance with the court.

IV. <u>Motion for Extension of Time to File Appeal [doc. # 57]</u>

The plaintiff seeks an extension of time until after the court rules on his motion for reconsideration to file an appeal of the court's ruling granting the City of New Haven's motion to dismiss. Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure the time for filing "an appeal runs from the entry of an order disposing of the last such remaining motion: . . . (iv) to alter or amend judgment under Rule 59." Thus, the time for filing an appeal will not begin to run until the court rules on the plaintiff's motion for reconsideration. The motion for extension of time is denied as moot.

Conclusion

The Motion for Leave to Amend [**doc. # 56**] is **GRANTED**. The plaintiff is directed to serve defendants Pease and Cargill with a copy of the amended complaint in their official and individual capacities. The plaintiff's Motion for Reconsideration [**doc. # 55**] is **GRANTED**. After careful reconsideration, the court's ruling granting the City of New Haven's motion to dismiss is **AFFIRMED**. The plaintiff's Motion to Compel [**doc. # 58**] is **GRANTED** absent objection. The defendants are directed to respond to the January 23, 2004 discovery requests within thirty days of the date of this order and to file a notice of compliance with the court. The Motion for Extension of Time to File Appeal [**doc. # 57**] is **DENIED** as moot.

The plaintiff may move for leave to file an amended complaint within sixty days of the date of this order to add allegations that at the time of the alleged use of excessive force against the plaintiff by New Haven Police Officers, the City had a custom or policy of using excessive force against suspects during their arrests.

**SO ORDERED.**

Entered in Hartford, Connecticut, this ___6TH___ day of ___AUGUST___, 2004.

_____
Alfred V. Covello
United States District Judge