UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

COMPLAINT UNDER 42 U.S.C. §1983

Joseph Burgeson   3:02cv860 (AVC)(TPS)
   v.
City of New Haven   JURY TRIAL DEMANDED
Lt. J.D. Smith, officially and individually
Officer Warren Palmer, officially and individually
Officer Michael White, officially and individually
Officer Darryl Cargill, officially and individually
Officer Joe Pease, Jr., officially and individually

1. This is an action brought by an inmate, pro se, under 42 U.S.C. §1983 against the police officers of the New Haven Dept. of Police Services who assaulted him during his arrest, and against the City of New Haven. He is claiming violations of his federal constitutional rights through the illegal seizure of his person and the denial of due process and equal protection, as well as violations of state tort law against him. He is seeking damages totalling three million dollars.

## JURISDICTION

2. The court has jurisdiction over the plaintiff's complaint under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 28 U.S.C. §1367.

## PARTIES

3. The plaintiff, Joseph Burgeson, is a citizen of the United States, and at all times mentioned herein was a resident of the state of Connecticut. He is currently an inmate in the Connecticut Department of Correction.

4. The defendants, Officers J.D. Smith, Warren Palmer, Michael White, Darryl Cargill, and Joe Pease, Jr., mailing address 1 Union Avenue, New Haven, CT 06519, were at all times mentioned herein police officers in the New Haven Dept. of Police Services. To the plaintiff's best knowledge and belief, none of the defendant officers were or are members of the U.S. Military.

5. The City of New Haven is being sued as an entity, mailing address 165, Church St., New Haven, CT 06510.

6. All the defendants acted and continued to act under color of state law at all times relevant to this complaint.

## FACTS

7. On October 25th, 2000, the plaintiff, who was being searched for New Haven Police officers, was located hiding underneath a car parked in the driveway of 29 Stevens St., in New Haven.

8. The plaintiff was dragged by his clothing from under the

car and rolled over onto his stomach by two police officers. Each of these two officers grabbed one of the defendants hands, and the one who had his left secured a handcuff around the wrist and ordered the plaintiff to place his hand behind his back. As the plaintiff tried to comply, the same officer was physically preventing the plaintiff from actually putting his hand behind his back, yet ordering him again to do so. The plaintiff replied that he was trying to, and at this point the officer began to violently twist and yank the plaintiff's left arm around, and also stomped on and ground his foot into the back of the plaintiff's hand. This officer was a white male, identity unknown. The other officer who had the plaintiff's right hand was by then kicking the plaintiff in the upper portion of his underarm and in the rib-chest area. He also placed the plaintiff's hand on the ground and stomped. This officer, who appeared to be a darker white or Latin-looking male, is unknown to the plaintiff.

9. A third, fourth, fifth, and possibly a sixth officer began to stomp and kick the plaintiff as he lay prostrate and unresisting on the ground. One officer was stomping on the left rear of the plaintiff's head, causing it to strike and rebound off the driveway pavement. Another was stomping on the right rear of the plaintiff's head and kicking him in the right side of his face and head. This officer, or another in his place, knelt down and began punching the plaintiff in the right side of his face and head. The plaintiff had meantime been set upon by the other officer(s), who kicked and stomped him in his back, buttocks, crotch, right side, and legs.

10. After about a minute of this beating the plaintiff began to lose conciousness from his head repeatedly striking the pavement, and, fearing that he was going to be killed, he yelled out, "you broke my fucking jaw!", and the beating stopped.

11. Because the plaintiff was lying face down during this beating, the identities of which officers were committing what acts during his beating are unknown to him, excluding the two initial officers who'd grabbed either arm. Nor did he know any of the officers involved in his beating other than Lt. J.D. Smith, whom the plaintiff, after being yanked and lifted to his feet by the handcuff chain, observed standing approximately where the officer who had been kicking/stomping on the left side of his head would have stood.

12. Following his arrest and transportation to New Haven Police headquarters, the plaintiff complained of a possible broken right arm and severe headache. The plaintiff was subsequently transported to Yale-New Haven Hospital's emergency room for examination of his injuries. An x-ray was taken of the plaintiff's right arm, which by then was very swollen, but the x-ray proved negative for a fracture. The plaintiff complained to the attending physician and to a nurse of his beating by the New Haven Police, particularly of the numerous kicks to his head, and also complained of pain in his neck, ribs, torso, back, hands, and legs.

13. The following injuries were noted by emergency room personnel: a large abrasion on the left forehead and swelling of the left side of the head; and multiple abrasions, contusions, and swellings over various parts of the plaintiff's body. The plaintiff was given a tetanus shot, his right arm was placed in a sling, and instructions given to the police who had custody of the plaintiff to keep his arm elevated, apply ice to the arm for 24 hours, and to come back to the emergency room for worsening conditions, including headache with persistent nausea and vomiting.

14. The plaintiff was transported back to New Haven Police headquarters on Union Ave. and placed in the lock-up there. The plaintiff was kept at the Union Ave. police lock-up, contrary to state laws and regulations, for two (2) days. During his stay there the plaintiff received no medical attention for his injuries, though he asked for medication for his headache and arm.

15. The plaintiff, after suffering through the aches and soreness that resulted from his beating, including severe headaches and a concussion, sustained numbness in his wrists and hands, suffered vertigo, and still suffers from a loss of sensation in the flesh over his entire body, including loss of sensation and taste in his tongue, which a doctor has told him is due to a brain injury. The plaintiff also now suffers chronic neck pain and stiffness, a condition that has arisen and severely worsened over two years, and which does cause him severe headaches. According to doctors who've examined him and x-rays taken of his neck, the plaintiff has "bone spurs"

on his neck vertebrae, which are the result of trauma to the affected area, and which trauma the plaintiff traces directly to his beating by the New Haven Police, when he was savagely stomped.

16. As a result of his beating by the police and the injuries that the plaintiff sustained and still suffers from, the plaintiff suffered and still suffers forms of emotional and mental distress.

17. The plaintiff has learned through discovery the identities of all the New Haven Police officers who participated in his arrest and beating, and they are, in addition to the already-named Lt. J.D. Smith, Officers Warren Palmer, Michael White, Darryl Cargill, and Joe Pease, Jr.

## CLAIMS

18. The brutal assault of the plaintiff during his arrest by New Haven Police Officers J.D. Smith, Warren Palmer, Michael White, Darryl Cargill, and Joe Pease, Jr. violated the right of the plaintiff under the U.S. Constitution to protection from illegal seizure.

19. The police officers involved in the actual arrest of the plaintiff violated his rights to due process and equal protection by their collective and deliberate indifference to his being beaten.

20. The police officers involved in or with knowledge of the plaintiff's beating during his arrest violated and continue to violate the plaintiff's right to due process by conspiring to lie about and cover up his beating.

21. The police officers involved in or with knowledge of the plaintiff's beating during his arrest violated and continue to violate the plaintiff's rights to due process and equal protection in their obstruction of justice regarding his beating.

22. The New Haven Police violated the plaintiff's rights to due process and equal protection by illegally keeping him, or having him kept, at the Union Ave. police lock-up for two days, October 25th to October 27th, 2000. Connecticut General Statute Sec. 54-1g, and chapter 37, § L of the Connecticut Rules of Court and Connecticut Practice Book mandate that an arrested person shall be arraigned before a judicial authority no later than the first court day following arrest. The plaintiff should have been presented at court for arraignment on October 26th, not October 27th.

23. The New Haven Police violated the plaintiff's rights of due process and equal protection when they conspired to hide and cover up the plaintiff's beating at their hands by keeping him, or having him kept, illegally at the Union Ave. police lock-up for two days.

24. The New Haven Police violated the plaintiff's rights to equal protection and against cruel and unusual punishment by denying

him medical attention and care for the two days he was kept at the Union Ave. Police lock-up, despite the written instructions for follow-up on his injuries given to the police officers who had custody of him by Yale-New Haven Hospital emergency room personnel. The plaintiff asked a couple of times for Tylenol or Motrin for his headache and pain in his right arm, but was told, "we don't give that stuff out here."

25. The plaintiff makes a claim against the City of New Haven for violation of his federally constituted right against illegal seizure through his assault and injury suffered at the hands of New Haven Police Officers J.D. Smith, Warren Palmer, Michael White, Darryl Cargill, and Joe Pearie, Jr. The plaintiff bases this claim on the New Haven Dept. of Police Service's, i.e. the City's, customary and widely known habit of assaulting or using excessive force against suspects or arrestees.

26. The plaintiff makes a state tort claim for assault and battery against the City of New Haven for his assault and injury by New Haven Police officers.

27. The plaintiff makes a state tort claim of negligence against the City of New Haven for his assault and injury by New Haven Police officers, in that it failed to properly train its police in the use of force; in that it had no adequate screening process for identifying and dealing with police officers prone to assaulting or using excessive force against civilians; in that it had no program or

mechanism that adequately ensured public safety by addressing the widespread and chronic problem of police assaults or uses of excessive force against suspects or arrestees.

## REQUEST FOR RELIEF

I request the following relief:

1. A declatory judgement that my rights were violated.
2. Two million dollars in compensatory damages from the City of New Haven.
3. One hundred thousand dollars in compensatory damages from each defendant police officer in his individual capacity.
4. One hundred thousand dollars in punitive damages from each defendant police officer in his individual capacity.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Suffield, CT on January 27, 2004.

*Joseph Burgeson*